8/12/2015 5:11:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6469775
By: Krystal Franklin
Filed: 8/12/2015 5:11:16 PM

**2015-47169 / Court: 055**

CAUSE NO. _____

| | | |
|---|---|---|
| AMADO GUTIERREZ-MATA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY CARRIERS, INC; | § | |
| AND DAVID A. GOMM | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AMADO GUTIERREZ-MATA ("Plaintiff"), and files this Original Petition, complaining of QUALITY CARRIERS, INC. ("Defendant QUALITY CARRIERS") and DAVID A. GOMM ("Defendant Gomm"), and for cause of action against said Defendants, would respectfully show the Court and jury as follows:

### 1.00   LEVEL OF DISCOVERY CONTROL PLAN

1.01   Pursuant to Texas Rules of Civil Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff affirmatively pleads that suit is not governed by the expedited actions process under Texas Rule of Civil Procedure 169 because the Plaintiff seeks monetary relief over $200,000 (Two Hundred Thousand) but less than $1,000,000 (One Million). Plaintiff seeks a Docket Control Order.

### 2.00   PARTIES

2.01   Plaintiff, AMADO GUTIERREZ-MATA, is a resident of Houston, Harris County, Texas. Pursuant to CPRC § 30.014, the last three numbers of Plaintiff's Texas Driver's License are 463.

2.02   Defendant, QUALITY CARRIERS, INC. (hereafter referred to as "Defendant Quality



PLAINTIFF AMADO GUTIERREZ-MATA'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE          PAGE 1

Carriers"), is an Florida corporation doing business in the State of Texas and may be served with process by serving its registered agent Corporation Service Company d/b/a Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701, by private service.

2.03   Defendant, DAVID ANDREW GOMM (hereafter referred to as "Defendant Gomm"), is an individual and resident of the state of Utah and may be served at 323 South 1370 East; Tooele, UT 84074, by Certified mail.

### 3.00   JURISDICTION AND VENUE

3.01   The amount in controversy is within the jurisdictional limits of this Court.

3.02   Harris County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.001, *et seq.*, because Harris County is the county where Defendants reside, and where the incident made the basis of this lawsuit occurred.

3.03   Pursuant to Tex.R.Civ.P. 47(c), and subject to Plaintiff's right to amend, Plaintiff seeks monetary relief over $200,000.00 but less than $1,000,000.00.

### 4.00   FACTS

4.01   On or about June 6, 2015 ("the date in question"), Plaintiff was driving a 2004 Mercury Moutaineer ("Plaintiff vehicle") at or near the 270 block of SH 146 Frontage Road, La Porte, Harris County, Texas, when he was involved in a motor vehicle collision with a 2016 Peterbilt Tractor and 2016 Trailer owned by Defendant Quality Carriers and operated by Defendant Gomm ("Defendant vehicle"). Such collision is referred to hereinafter as "the incident" or "the collision."

4.02   The collision, and the resulting damages suffered by Plaintiff, were proximately caused by the negligence of Defendant Gomm, including but not limited to the following specific acts or omissions:

    A.   Failure to keep a proper lookout;

B.   Failing to maintain control of his vehicle;

C.   Failure to timely apply the brakes of his vehicle;

D.   Failure to drive at a reasonable rate of speed;

E.   Failure to yield right of way;

F.   Changing lanes when it was unsafe to do so; and

G.   Failing to pay attention when operating a motor vehicle on our State's public streets and highways.

4.03   On information and belief, Plaintiff states that at the time of the collision, Defendant Gomm was acting in the course and scope of employment or agency for Defendant Quality Carriers, Inc., and therefore, all acts, wrongs or omissions of Defendant Johnson are imputed to Defendant Quality Carriers, Inc. under the doctrine of *Respondeat Superior*.

4.04   On information and belief, Plaintiff states that Defendant Quality Carriers is guilty of the tort of negligent entrustment, for negligently entrusting his vehicle to Defendant Gomm, who was a careless, reckless and/or incompetent driver. Such negligent entrustment was a proximate cause of the collision and the damages suffered by Plaintiff.

## 5.00   CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT GOMM

5.01   Defendant Gomm had a duty to exercise ordinary care in driving, which Defendant Johnson owed to the general public.

5.02   Defendant Gomm was negligent in his operation of the Defendant vehicle at the time of the collision, including but not limited to the following specific acts or omissions:

A.   Failure to keep a proper lookout;

B.   Failing to maintain control of his vehicle;

C.   Failure to timely apply the brakes of his vehicle;

Certified Document Number: 66599727 - Page 3 of 6

D. Failure to drive at a reasonable rate of speed;

E. Failure to yield right of way;

F. Changing lanes when it was unsafe to do so; and

G. Failing to pay attention when operating a motor vehicle on our State's public streets and highways.

Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of the collision and Plaintiff's damages, which are set forth in further detail below.

**6.00 CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT QUALITY CARRIERS**

5.01 Defendant Gomm had a duty to exercise ordinary care in the ownership of a vehicle which was being operating on the public roads, which Defendant Quality Carriers owed to the general public.

5.02 Defendant Quality Carriers was negligent in its ownership of the Defendant vehicle at the time of the collision, including but not limited to the following specific acts or omissions:

A. Negligently entrusting his vehicle to Defendant Gomm, a careless, reckless and incompetent driver (on information and belief);

B. All acts or omissions of Defendant Gomm, under the doctrine of *Respondeat Superior*.

Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of the collision and Plaintiff's damages, which are set forth in further detail below.

**7.00 DAMAGES**

As a direct and proximate result of the actions and conduct of Defendant Johnson and

Defendant Nunez, as set forth above, Plaintiff suffered severe bodily injuries and damages to his back and body. Because of the nature and severity of the injuries Plaintiff sustained, he has suffered the following elements of actual damages in the past, and he will in reasonable probability suffer them in the future:

    A.    Physical pain and suffering;

    B.    Mental anguish;

    C.    Physical impairment;

    D.    Loss of earning capacity;

    E.    Reasonable and necessary expenses for medical treatment; and

    F.    Disfigurement.

Plaintiff sues the Defendants herein, jointly and severally, for the full amount of his damages, as determined by a jury.

### 8.00 REQUEST FOR DISCLOSURE TO DEFENDANTS

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

### 9.00 JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands a trial by jury and the appropriate fee has been previously tendered.

### 10.00 PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the highest legal rate, and such other and further relief, general and special, at law and in

equity, to which Plaintiff may be justly entitled.

>
> Respectfully submitted,
>
> SANDOVAL & WALDMAN, LLP
>
> *[signature]*
>
> Steve Waldman
> SBT No. 20679550
> swaldman@sandovalwaldman.com
> **Hector Sandoval**
> SBT No. 24043904
> hsandoval@sandovalwaldman.com
> 2190 N. Loop West, Suite 410
> Houston, Texas 77018
> (713) 688-4878
> (713) 465-3658 (Facsimile)
>
> **ATTORNEYS FOR PLAINTIFF**

Case 4:15-cv-02793   Document 1-3   Filed on 09/24/15 in TXSD   Page 7 of 7



I, Chris Daniel, District Clerk of Harris ▥
County, Texas certify that this is a true and ▥
correct copy of the original record filed and or ▥
recorded in my office, electronically or hard ▥
copy, as it appears on this date. ▥
Witness my official hand and seal of office
this   September 17, 2015

Certified Document Number:        66599727 Total Pages:  6

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated▥ documents are valid. If there is a question regarding the validity of this document and or seal▥ please e-mail support@hcdistrictclerk.com**