CAUSE NO. 201547169

RECEIPT NO.      75.00    CTM
\*\*\*\*\*\*\*\*\*    TR # 73160425

PLAINTIFF: GUTIERREZ-MATA, AMADO
    vs.
DEFENDANT: QUALITY CARRIERS INC (A FLORIDA CORPORATION)

In The 55th
Judicial District Court
of Harris County, Texas
55TH DISTRICT COURT
Houston, TX

CITATION (NON-RESIDENT)

THE STATE OF TEXAS
County of Harris

**FILED**
Chris Daniel
District Clerk

SEP 1 7 2015

Time: _____
Harris County, Texas
By _____ Deputy

TO: GOMM, DAVID ANDREW
    323 SOUTH 1370 EAST   TOOELE UT 84074

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 12th day of August, 2015, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 19th day of August, 2015, under my hand and
seal of said Court.

Issued at request of:
WALDMAN, STEVE
2190 NORTH LOOP WEST, SUITE 410
HOUSTON, TX 77210
Tel: (713) 688-4878
Bar No.: 20679550

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline     Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: COLLINS, IRIS TROISH   IKS//10167622

STATE OF _____

County of _____

OFFICER/AUTHORIZED PERSON RETURN

PERSONALLY APPEARED before me, the undersigned authority, _____
who being by me duly sworn, deposes and says that in the County of _____
State of _____ he delivered to the within named defendants in person at the
following times and places to wit:

| NAME | DATE | | | TIME | | PLACE |
|------|------|-----|------|------|-----|-------|
|  | MONTH | DAY | YEAR | HOUR | MIN |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

a true copy of this notice, with a copy of:

accompanying same; and further, that he is an adult and is in no manner interested in this suit
and is the person competent to make oath of the fact.

_____
Affiant/Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ____ day of _____, _____.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

N.INT.CITN.P

**EXHIBIT**
tabbies®
J

CONFIRMED FILE DATE: 9/17/2015

Certified Document Number: 67090525 - Page 1 of 39

equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

SANDOVAL & WALDMAN, LLP

**Steve Waldman**
SBT No. 20679550
swaldman@sandovalwaldman.com
**Hector Sandoval**
SBT No. 24043904
hsandoval@sandovalwaldman.com
2190 N. Loop West, Suite 410
Houston, Texas 77018
(713) 688-4878
(713) 465-3658 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 67090525 - Page 2 of 39

8/12/2015 5:11:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6469775
By. Krystal Franklin
Filed: 8/12/2015 5:11:16 PM

## 2015-47169 / Court: 055

### CAUSE NO. _____

| | | |
|---|---|---|
| **AMADO GUTIERREZ-MATA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **QUALITY CARRIERS, INC;** | § | |
| **AND DAVID A. GOMM** | § | **_____ JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW AMADO GUTIERREZ-MATA ("Plaintiff"), and files this Original Petition, complaining of QUALITY CARRIERS, INC. ("Defendant QUALITY CARRIERS") and DAVID A. GOMM ("Defendant Gomm"), and for cause of action against said Defendants, would respectfully show the Court and jury as follows:

### 1.00    LEVEL OF DISCOVERY CONTROL PLAN

1.01    Pursuant to Texas Rules of Civil Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff affirmatively pleads that suit is not governed by the expedited actions process under Texas Rule of Civil Procedure 169 because the Plaintiff seeks monetary relief over $200,000 (Two Hundred Thousand) but less than $1,000,000 (One Million). Plaintiff seeks a Docket Control Order.

### 2.00    PARTIES

2.01    Plaintiff, AMADO GUTIERREZ-MATA, is a resident of Houston, Harris County, Texas. Pursuant to CPRC § 30.014, the last three numbers of Plaintiff's Texas Driver's License are 463.

2.02    Defendant, QUALITY CARRIERS, INC. (hereafter referred to as "Defendant Quality

Certified Document Number: 67090525 - Page 3 of 39

Carriers"), is an Florida corporation doing business in the State of Texas and may be served with process by serving its registered agent Corporation Service Company d/b/a Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701, by private service.

2.03    Defendant, DAVID ANDREW GOMM (hereafter referred to as "Defendant Gomm"), is an individual and resident of the state of Utah and may be served at 323 South 1370 East; Tooele, UT 84074, by Certified mail.

### 3.00    JURISDICTION AND VENUE

3.01    The amount in controversy is within the jurisdictional limits of this Court.

3.02    Harris County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.001, *et seq.*, because Harris County is the county where Defendants reside, and where the incident made the basis of this lawsuit occurred.

3.03    Pursuant to Tex.R.Civ.P. 47(c), and subject to Plaintiff's right to amend, Plaintiff seeks monetary relief over $200,000.00 but less than $1,000,000.00.

### 4.00    FACTS

4.01    On or about June 6, 2015 ("the date in question"), Plaintiff was driving a 2004 Mercury Moutaineer ("Plaintiff vehicle") at or near the 270 block of SH 146 Frontage Road, La Porte, Harris County, Texas, when he was involved in a motor vehicle collision with a 2016 Peterbilt Tractor and 2016 Trailer owned by Defendant Quality Carriers and operated by Defendant Gomm ("Defendant vehicle"). Such collision is referred to hereinafter as "the incident" or "the collision."

4.02    The collision, and the resulting damages suffered by Plaintiff, were proximately caused by the negligence of Defendant Gomm, including but not limited to the following specific acts or omissions:

A.    Failure to keep a proper lookout;

PLAINTIFF AMADO GUTIERREZ-MATA'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE                    PAGE 2

Certified Document Number: 67090525 - Page 4 of 39

B.      Failing to maintain control of his vehicle;

C.      Failure to timely apply the brakes of his vehicle;

D.      Failure to drive at a reasonable rate of speed;

E.      Failure to yield right of way;

F.      Changing lanes when it was unsafe to do so; and

G.      Failing to pay attention when operating a motor vehicle on our State's public streets and highways.

4.03    On information and belief, Plaintiff states that at the time of the collision, Defendant Gomm was acting in the course and scope of employment or agency for Defendant Quality Carriers, Inc., and therefore, all acts, wrongs or omissions of Defendant Johnson are imputed to Defendant Quality Carriers, Inc. under the doctrine of *Respondeat Superior.*

4.04    On information and belief, Plaintiff states that Defendant Quality Carriers is guilty of the tort of negligent entrustment, for negligently entrusting his vehicle to Defendant Gomm, who was a careless, reckless and/or incompetent driver. Such negligent entrustment was a proximate cause of the collision and the damages suffered by Plaintiff.

**5.00    CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT GOMM**

5.01    Defendant Gomm had a duty to exercise ordinary care in driving, which Defendant Johnson owed to the general public.

5.02    Defendant Gomm was negligent in his operation of the Defendant vehicle at the time of the collision, including but not limited to the following specific acts or omissions:

A.      Failure to keep a proper lookout;

B.      Failing to maintain control of his vehicle;

C.      Failure to timely apply the brakes of his vehicle;

Certified Document Number: 6709052S - Page 5 of 39

D.     Failure to drive at a reasonable rate of speed;

E.     Failure to yield right of way;

F.     Changing lanes when it was unsafe to do so; and

G.     Failing to pay attention when operating a motor vehicle on our State's public streets

and highways.

Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of the collision and Plaintiff's damages, which are set forth in further detail below.

### 6.00   CAUSE OF ACTION: NEGLIGENCE OF DEFENDANT QUALITY CARRIERS

5.01     Defendant Gomm had a duty to exercise ordinary care in the ownership of a vehicle which was being operating on the public roads, which Defendant Quality Carriers owed to the general public.

5.02     Defendant Quality Carriers was negligent in its ownership of the Defendant vehicle at the time of the collision, including but not limited to the following specific acts or omissions:

A.     Negligently entrusting his vehicle to Defendant Gomm, a careless, reckless and incompetent driver (on information and belief);

B.     All acts or omissions of Defendant Gomm, under the doctrine of *Respondeat Superior*.

Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of the collision and Plaintiff's damages, which are set forth in further detail below.

### 7.00   DAMAGES

As a direct and proximate result of the actions and conduct of Defendant Johnson and

Certified Document Number: 67090525 - Page 6 of 39

Defendant Nunez, as set forth above, Plaintiff suffered severe bodily injuries and damages to his back and body. Because of the nature and severity of the injuries Plaintiff sustained, he has suffered the following elements of actual damages in the past, and he will in reasonable probability suffer them in the future:

A.    Physical pain and suffering;

B.    Mental anguish;

C.    Physical impairment;

D.    Loss of earning capacity;

E.    Reasonable and necessary expenses for medical treatment; and

F.    Disfigurement.

Plaintiff sues the Defendants herein, jointly and severally, for the full amount of his damages, as determined by a jury.

### 8.00   REQUEST FOR DISCLOSURE TO DEFENDANTS

Pursuant to Rule 194, Defendants are requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

### 9.00   JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands a trial by jury and the appropriate fee has been previously tendered.

### 10.00   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recover actual damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the highest legal rate, and such other and further relief, general and special, at law and in

Certified Document Number: 67090525 - Page 7 of 39

8/12/2015 5:11:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6469775
By: FRANKLIN, KRYSTAL G
Filed: 8/12/2015 5:11:16 PM

# 2015-47169 / Court: 055

## CAUSE NO. _____

| | | |
|---|---|---|
| AMADO GUTIERREZ-MATA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY CARRIERS, INC; | § | |
| AND DAVID A. GOMM | § | _____ JUDICIAL DISTRICT |

## REQUEST FOR PRODUCTION TO DEFENDANT
## DAVID A. GOMM

TO:   DEFENDANT DAVID A. GOMM, to be served with Plaintiff's Original Petition and Request for Disclosures:

COMES NOW the Plaintiff in the above styled and numbered cause and propounds these

Request for Production of Documents to Defendant, and requires that, within fifty (50) days from

service hereof (with the Original Petition), said documents requested be delivered to the offices

of counsel for Plaintiff, as set out in Rule 196, Texas Rules of Civil Procedure.

Respectfully submitted,

SANDOVAL & WALDMAN, LLP

_____

**Steve Waldman**
SBT No. 20679550
swaldman@sandovalwaldman.com
**Hector Sandoval**
SBT No. 24043904
hsandoval@sandovalwaldman.com
2190 N. Loop West, Suite 410
Houston, Texas 77018
(713) 688-4878
(713) 465-3658 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Request for Production to Defendant David A. Gomm - PAGE 1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this instrument has been served with the Original Petition in this cause.

HECTOR L. SANDOVAL

Request for Production to Defendant David A. Gomm - PAGE 2

## REQUEST FOR PRODUCTION TO DEFENDANT GOMM

### DEFINITIONS

For the purpose of responding to this discovery, the following definitions shall apply:

| | | |
|---|---|---|
| A. | Date in Question: | June 6, 2015 |
| B. | Location: | 270 block of SH 146, La Porte, Harris County, Texas |
| C. | Plaintiff Vehicle: | 2004 Mercury Mountaineer |
| D. | Defendant Vehicle: | 2016 Peterbilt Tractor and 2016 Trailer |
| E. | Event or Incident: | Motor vehicle collision between Plaintiff's Vehicle and Defendant's Vehicle at Location on Date in Question. |
| F. | Plaintiff: | Amado Gutierrez-Mata |
| G. | Defendant Owner: | Quality Carriers, Inc. |
| H. | Defendant Driver: | David A. Gomm |

I.     "IDENTIFY" means the following:

1.     When used regarding a person, provide that individual's full name, current or last known mail and email address, current or last known employer, current or last known home and cellular telephone number, current or last known work telephone number, employer and job title on the date in question, and whether your attorney is asserting the attorney-client privilege with regard to ex parte communications with such person.

2.     When used regarding a company, partnership, corporation, or other business entity, please state the full and correct legal name, correct address, telephone number, state of incorporation or registration, principal place of business, and the name and address of the registered agent or general partner.

3.     When used regarding a document, provide the correct name or title of the document, the name and address of the maker or makers of the document (including all persons who have made entries onto the document or who have provided information which has been entered by another person onto the document), the name and address of the custodian of the original document, the name and address of all persons to whom copies of the document have been sent, and if the document is not being provided, a summary of the contents of such document. "Document" shall include photographs, videotapes, movies, computer records, microfilm, microfiche, data compilations of any type, logs, handwritten notes, typewritten notes or any other type of record. All

**Request for Production to Defendant David A. Gomm - PAGE 3**

## REQUEST FOR PRODUCTION TO DEFENDANT

Request No. 1.  Provide copies of any documents showing ownership, rental, lease or other status of the Defendant Vehicle at the time of the Event.

Request No. 2.  Provide a copy of the driver's license of the driver of the Defendant Vehicle at the time of the Event.

Request No. 3.  Provide any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any authority or consent which the Defendant Driver (or such other person, if it was not the Defendant Driver) was operating the Defendant Vehicle at the time of the Event.

Request No. 4.  If the driver of the Defendant Vehicle was working or on the job at the time of the event, provide any documents which relate to, confirm, provide documents showing said driver's employer and job title (including non-privileged portions of said driver's personnel file), employment status (including time sheets or logs), the work the driver was performing at the time of the event (including any invoices, delivery records, dispatch records), and any records reflecting any reprimand or discipline the driver received as a result of the Event.

Request No. 5.  Provide copies of any documents and other information (including electronically stored information) which relate to the Event, including but not limited to any accident reports, incident reports, witness statements, photographs of the scene, photographs of the vehicles, repair estimates, videotapes, electronic data from any vehicle, measurements, diagrams, citations, disciplinary records or any other documents, whether created by a public agency (such as a police agency or other governmental agency), private individual or company.

Request No. 6.  Provide copies of any documents or other information (including electronically stored information) which provides evidence of any factor that may have caused or contributed to cause the Event. This will include any electronic module on any vehicle which recorded the movements of any vehicle. In lieu of reproducing documents already produced, Defendant may designate those documents already produced that are responsive to this Request.

Request No. 7.  Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any citations issued to any driver or person as a result of the event, the nature of each citation and how each charge was disposed of (acquitted, paid fine, convicted, etc).

**Request for Production to Defendant David A. Gomm - PAGE 5**

Request No. 8.    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the Defendant Driver's driving record, from five years prior to the date in question until the time of trial, including all license revocations or suspensions, citations or collisions, the date of such charges, revocations or suspensions, the nature of such charges, revocations or suspensions, and the disposition of such charges, revocations or suspensions.

Request No. 9.    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the Defendant Driver's criminal record (felony, DWI, theft crime or crime of moral turpitude), for which the arrest, conviction, release from confinement in a penal institution, release from parole or discharge from probation occurred from ten years prior to the date in question until the time of trial, including all arrests, charges or indictments, and the disposition of such charges, revocations or suspensions.

Request No. 10.   Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any claim against the Defendant Driver (or the Defendant Driver's employer resulting from actions as a driver of the Defendant Driver) for damages in the past ten (10) years, arising out of any alleged misconduct of the Defendant Driver as the driver of a vehicle, including any documents that provide details of any incident complained of, any complaining parties, dates of any events upon which claims were based, and the nature and disposition of the claims. If a lawsuit was filed relating to any such claim, provide copies of any pleadings, discovery responses and depositions relating to each such lawsuit.

Request No. 11.   Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the activities which the Defendant Driver engaged in during the 24 hours preceding the event, including any and all places where the Defendant Driver stopped; any intoxicating substances (alcohol, medications or recreational drugs) or food consumed and the time and amount of same; the times of any work or sleep; and IDENTIFY any persons who were with the Defendant Driver during such time period.   This will also include any journals, calendars, log books, delivery records, or other documents which show the activity of the Defendant Vehicle, or the Defendant Driver in the 24 hours prior to the event in question

Request No. 12.   Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the nature and extent of any injuries to any persons or

**Request for Production to Defendant David A. Gomm - PAGE 6**

damage to any property (vehicles, etc.) involved in the event, including any persons in any vehicle or in the vicinity of the Event. This information will include information within the knowledge of Defendant's attorneys, agents or insurers. This will include any medical records, property damage estimates or receipts, photographs, videotapes or other documentation or recording.

**Request No. 13.** Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for whether the Defendant Driver was ever prescribed corrective lenses prior to the event, whether the Defendant Driver was wearing glasses or contact lenses at the time of the event, the optometrist or ophthalmologist who prescribed such corrective lenses and/or the last date the Defendant Driver saw such optometrist or ophthalmologist.

**Request No. 14.** Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any type of wireless communication device (including, without limitation, cellular phone, smart phone, texting device, computer, wireless data point, etc.) in the Defendant Vehicle or in the possession of the Defendant Driver at the time of the alleged accident made the basis of this lawsuit, provide the phone number of this phone or device, IDENTIFY the service provider (Verizon, AT&T, etc.) for the phone or device, and provide a copy of the detailed billing records and usage records which include the date of the event.

**Request No. 15.** Provide the following:

(1) the actual electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, with the data recorded at the time of the event intact,

(2) any raw data or documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any raw data retrieved from such electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, and

(3) any interpreted data or documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any interpreted data retrieved from such electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, and

(4) any manuals, software or other information (including electronically stored information) which provides information relating to interpreting any raw data

Certified Document Number: 67090525 - Page 13 of 39

photographs are requested in JPG or other similar format. All electronically stored information is requested in its native format with "reading" software provided, or if only accessible through proprietary software, the opportunity to inspect such electronically stored information through a computer equipped with such software.

Certified Document Number: 67090525 - Page 14 of 39

Request for Production to Defendant David A. Gomm – PAGE 4

retrieved from such electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, and

(5) any documents or other information (including electronically stored information) relate to, confirm, provide evidence of or account for any purchase, repair, modification, installation or other work performed on any electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event.

Certified Document Number: 67090525 - Page 15 of 39

## REQUEST FOR PRODUCTION TO DEFENDANT
## QUALITY CARRIERS, INC.

### DEFINITIONS

For the purpose of responding to this discovery, the following definitions shall apply:

| | | |
|---|---|---|
| A. | Date in Question: | June 6, 2015 |
| B. | Location: | 270 block of SH 146, La Porte, Harris County, Texas |
| C. | Plaintiff Vehicle: | 2004 Mercury Mountaineer |
| D. | Defendant Vehicle: | 2016 Peterbilt Tractor and 2016 Trailer |
| E. | Event or Incident: | Motor vehicle collision between Plaintiff's Vehicle and Defendant's Vehicle at Location on Date in Question. |
| F. | Plaintiff: | Amado Gutierrez-Mata |
| G. | Defendant Owner: | Quality Carriers, Inc. |
| H. | Defendant Driver: | David A. Gomm |

I.    "IDENTIFY" means the following:

1.    When used regarding a person, provide that individual's full name, current or last known mail and email address, current or last known employer, current or last known home and cellular telephone number, current or last known work telephone number, employer and job title on the date in question, and whether your attorney is asserting the attorney-client privilege with regard to ex parte communications with such person.

2.    When used regarding a company, partnership, corporation, or other business entity, please state the full and correct legal name, correct address, telephone number, state of incorporation or registration, principal place of business, and the name and address of the registered agent or general partner.

3.    When used regarding a document, provide the correct name or title of the document, the name and address of the maker or makers of the document (including all persons who have made entries onto the document or who have provided information which has been entered by another person onto the document), the name and address of the custodian of the original document, the name and address of all persons to whom copies of the document have been sent, and if the document is not being provided, a summary of the contents of such document.  "Document" shall include photographs, videotapes, movies, computer records, microfilm, microfiche, data compilations of any

Certified Document Number: 67090525 - Page 16 of 39

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served with the Original Petition in this cause.

_____
HECTOR L. SANDOVAL

Request for Production to Defendant Quality Carriers, Inc. - PAGE 2

8/12/2015 5:11:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6469775
By: FRANKLIN, KRYSTAL G
Filed: 8/12/2015 5:11:16 PM

# 2015-47169 / Court: 055

CAUSE NO. _____

| | | |
|---|---|---|
| AMADO GUTIERREZ-MATA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY CARRIERS, INC; | § | |
| AND DAVID A. GOMM | § | _____ JUDICIAL DISTRICT |

## REQUEST FOR PRODUCTION TO DEFENDANT
## QUALITY CARRIERS, INC.

TO:   DEFENDANT QUALITY CARRIERS, INC., to be served with Plaintiff's Original Petition and Request for Disclosures:

COMES NOW the Plaintiff in the above styled and numbered cause and propounds these Request for Production of Documents to Defendant, and requires that, within fifty (50) days from service hereof (with the Original Petition), said documents requested be delivered to the offices of counsel for Plaintiff, as set out in Rule 196, Texas Rules of Civil Procedure.

Respectfully submitted,

SANDOVAL & WALDMAN, LLP

Steve Waldman
SBT No. 20679550
swaldman@sandovalwaldman.com
Hector Sandoval
SBT No. 24043904
hsandoval@sandovalwaldman.com
2190 N. Loop West, Suite 410
Houston, Texas 77018
(713) 688-4878
(713) 465-3658 (Facsimile)

ATTORNEYS FOR PLAINTIFF

type, logs, handwritten notes, typewritten notes or any other type of record. All photographs are requested in JPG or other similar format. All electronically stored information is requested in its native format with "reading" software provided, or if only accessible through proprietary software, the opportunity to inspect such electronically stored information through a computer equipped with such software.

**Request for Production to Defendant Quality Carriers, Inc. - PAGE 4**

## REQUEST FOR PRODUCTION TO DEFENDANT
## QUALITY CARRIERS, INC.

Request No. 1.    Provide copies of any documents showing ownership, rental, lease or other status of the Defendant Vehicle at the time of the Event.

Request No. 2.    Provide a copy of the driver's license of the driver of the Defendant Vehicle at the time of the Event.

Request No. 3.    Provide any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any authority or consent which the Defendant Driver (or such other person, if it was not the Defendant Driver) was operating the Defendant Vehicle at the time of the Event.

Request No. 4.    If the driver of the Defendant Vehicle was working or on the job at the time of the event, provide any documents which relate to, confirm, provide documents showing said driver's employer and job title (including non-privileged portions of said driver's personnel file), employment status (including time sheets or logs), the work the driver was performing at the time of the event (including any invoices, delivery records, dispatch records), and any records reflecting any reprimand or discipline the driver received as a result of the Event.

Request No. 5.    Provide copies of any documents and other information (including electronically stored information) which relate to the Event, including but not limited to any accident reports, incident reports, witness statements, photographs of the scene, photographs of the vehicles, repair estimates, videotapes, electronic data from any vehicle, measurements, diagrams, citations, disciplinary records or any other documents, whether created by a public agency (such as a police agency or other governmental agency), private individual or company.

Request No. 6.    Provide copies of any documents or other information (including electronically stored information) which provides evidence of any factor that may have caused or contributed to cause the Event. This will include any electronic module on any vehicle which recorded the movements of any vehicle. In lieu of reproducing documents already produced, Defendant may designate those documents already produced that are responsive to this Request.

Request No. 7.    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any citations issued to any driver or person as a result of the

**Request for Production to Defendant Quality Carriers, Inc. – PAGE 5**

Certified Document Number: 67090525 - Page 21 of 39

event, the nature of each citation and how each charge was disposed of (acquitted, paid fine, convicted, etc).

**Request No. 8.**    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the Defendant Driver's driving record, from five years prior to the date in question until the time of trial, including all license revocations or suspensions, citations or collisions, the date of such charges, revocations or suspensions, the nature of such charges, revocations or suspensions, and the disposition of such charges, revocations or suspensions.

**Request No. 9.**    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the Defendant Driver's criminal record (felony, DWI, theft crime or crime of moral turpitude), for which the arrest, conviction, release from confinement in a penal institution, release from parole or discharge from probation occurred from ten years prior to the date in question until the time of trial, including all arrests, charges or indictments, and the disposition of such charges, revocations or suspensions.

**Request No. 10.**    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any claim against the Defendant Driver (or the Defendant Driver's employer resulting from actions as a driver of the Defendant Driver) for damages in the past ten (10) years, arising out of any alleged misconduct of the Defendant Driver as the driver of a vehicle, including any documents that provide details of any incident complained of, any complaining parties, dates of any events upon which claims were based, and the nature and disposition of the claims. If a lawsuit was filed relating to any such claim, provide copies of any pleadings, discovery responses and depositions relating to each such lawsuit.

**Request No. 11.**    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the activities which the Defendant Driver engaged in during the 24 hours preceding the event, including any and all places where the Defendant Driver stopped; any intoxicating substances (alcohol, medications or recreational drugs) or food consumed and the time and amount of same; the times of any work or sleep; and IDENTIFY any persons who were with the Defendant Driver during such time period.   This will also include any journals, calendars, log books, delivery records, or other documents which show the activity of the Defendant Vehicle, or the Defendant Driver in the 24 hours prior to the event in question

**Request for Production to Defendant Quality Carriers, Inc. - PAGE 6**

Request No. 12.    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for the nature and extent of any injuries to any persons or damage to any property (vehicles, etc.) involved in the event, including any persons in any vehicle or in the vicinity of the Event. This information will include information within the knowledge of Defendant's attorneys, agents or insurers. This will include any medical records, property damage estimates or receipts, photographs, videotapes or other documentation or recording.

Request No. 13.    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for whether the Defendant Driver was ever prescribed corrective lenses prior to the event, whether the Defendant Driver was wearing glasses or contact lenses at the time of the event, the optometrist or ophthalmologist who prescribed such corrective lenses and/or the last date the Defendant Driver saw such optometrist or ophthalmologist.

Request No. 14.    Provide copies of any documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any type of wireless communication device (including, without limitation, cellular phone, smart phone, texting device, computer, wireless data point, etc.) in the Defendant Vehicle or in the possession of the Defendant Driver at the time of the alleged accident made the basis of this lawsuit, provide the phone number of this phone or device, IDENTIFY the service provider (Verizon, AT&T, etc.) for the phone or device, and provide a copy of the detailed billing records and usage records which include the date of the event.

Request No. 15.    Provide the following:

(1) the actual electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, with the data recorded at the time of the event intact,

(2) any raw data or documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any raw data retrieved from such electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, and

(3) any interpreted data or documents or other information (including electronically stored information) which relate to, confirm, provide evidence of or account for any interpreted data retrieved from such electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, and

**Request for Production to Defendant Quality Carriers, Inc. - PAGE 7**

(4) any manuals, software or other information (including electronically stored information) which provides information relating to interpreting any raw data retrieved from such electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event, and

(5) any documents or other information (including electronically stored information) relate to, confirm, provide evidence of or account for any purchase, repair, modification, installation or other work performed on any electronic data recorder, electronic control module or other similar "black box" on the Defendant Vehicle at the time of the Event.

**Request for Production to Defendant Quality Carriers, Inc. - PAGE 8**

8/12/2015 5:11:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6469775
By: FRANKLIN, KRYSTAL G
Filed: 8/12/2015 5:11:16 PM

# 2015-47169 / Court: 055

## CAUSE NO. _____

| | | |
|---|---|---|
| AMADO GUTIERREZ-MATA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY CARRIERS, INC; | § | |
| AND DAVID A. GOMM | § | _____ JUDICIAL DISTRICT |

## INTERROGATORIES TO DEFENDANT
## QUALITY CARRIERS, INC.

TO:   DEFENDANT QUALITY CARRIERS, INC. to be served with Plaintiff's Original Petition and Request for Disclosures:

COMES NOW the Plaintiff in the above styled and numbered cause and propounds these Interrogatories to Defendant, and requires that, within fifty (50) days from service hereof (with the Original Petition), said Interrogatories be answered under oath, as set out in Rule 197, Texas Rules of Civil Procedure.

Respectfully submitted,

SANDOVAL & WALDMAN, LLP

Steve Waldman
SBT No. 20679550
swaldman@sandovalwaldman.com
Hector Sandoval
SBT No. 24043904
hsandoval@sandovalwaldman.com
2190 N. Loop West, Suite 410
Houston, Texas 77018
(713) 688-4878
(713) 465-3658 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 67090525 - Page 24 of 39

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served with the Original Petition in this cause.

HECTOR L. SANDOVAL

Interrogatories to Defendant Quality Carriers, Inc. - PAGE 2

## INTERROGATORIES TO DEFENDANT
## QUALITY CARRIERS, INC.

### DEFINITIONS

For the purpose of responding to this discovery, the following definitions shall apply:

| | | |
|---|---|---|
| A. | Date in Question: | June 6, 2015 |
| B. | Location: | 270 block of SH 146, La Porte, Harris County, Texas |
| C. | Plaintiff Vehicle: | 2004 Mercury Mountaineer |
| D. | Defendant Vehicle: | 2016 Peterbilt Tractor and 2016 Trailer |
| E. | Event or Incident: | Motor vehicle collision between Plaintiff's Vehicle and Defendant's Vehicle at Location on Date in Question. |
| F. | Plaintiff: | Amado Gutierrez-Mata |
| G. | Defendant Owner: | Quality Carriers, Inc. |
| H. | Defendant Driver: | David A. Gomm |

I.    "IDENTIFY" means the following:

1.    When used regarding a person, provide that individual's full name, current or last known mail and email address, current or last known employer, current or last known home and cellular telephone number, current or last known work telephone number, employer and job title on the date in question, and whether your attorney is asserting the attorney-client privilege with regard to ex parte communications with such person.

2.    When used regarding a company, partnership, corporation, or other business entity, please state the full and correct legal name, correct address, telephone number, state of incorporation or registration, principal place of business, and the name and address of the registered agent or general partner.

3.    When used regarding a document, provide the correct name or title of the document, the name and address of the maker or makers of the document (including all persons who have made entries onto the document or who have provided information which has been entered by another person onto the document), the name and address of the custodian of the original document, the name and address of all persons to whom copies of the document have been sent, and if the document is not being provided, a summary of the contents of such document.  "Document" shall include photographs, videotapes, movies, computer records, microfilm, microfiche, data compilations of any

Certified Document Number: 67090525 - Page 26 of 39

type, logs, handwritten notes, typewritten notes or any other type of record. All photographs are requested in JPG or other similar format. All electronically stored information is requested in its native format with "reading" software provided, or if only accessible through proprietary software, the opportunity to inspect such electronically stored information through a computer equipped with such software.

**Interrogatories to Defendant Quality Carriers, Inc. – PAGE 4**

## INTERROGATORIES TO DEFENDANT
## QUALITY CARRIERS, INC.

Interrogatory 1:
IDENTIFY the owner of, driver of and all persons or entities responsible for the operation of the
Defendant Vehicle at the time of the Event, including the facts relating to the authority, consent
or reason for the operation of the Defendant Vehicle at the time of the Event. If the driver of the
Defendant Vehicle was employed at the time of the Event, IDENTIFY the employer of said
driver and state whether the driver was working or on the job at the time of the Event.

ANSWER:


Interrogatory 2:
State Defendant's version of how the Event occurred, including any factor (including but not
limited to the negligence of any person, the condition of the roadway or surroundings or the
condition of any vehicle) which caused or contributed to causing the Event, and IDENTIFY any
eyewitnesses to the Event or the immediate aftermath of the Event and what information
Defendant has regarding the knowledge of any such witness.

ANSWER:


Interrogatory 3:
Describe the journey of the Defendant Vehicle immediately prior to the Event, including the
reason for the journey, the time and place of departure, the intended destination, the route taken,
and the nature and length of time of any stops along the way.

ANSWER:


Interrogatory 4:
If any citations were issued to anyone as a result of the Event, IDENTIFY the charging officer
and any court and cause number and state specifically how those citations were resolved. This
will include the plea of any person cited (guilty, not guilty or no contest/*nolo contendere*). This
will also include the resulting finding by the court or jury (guilty, not guilty, deferred
adjudication or dismissed). This will also include how the case was resolved (fine paid, jury
trial, bench trial, or dismissed because witnesses, including but not limited to the charging
officer, did not appear).

ANSWER:

Certified Document Number: 67090525 - Page 28 of 39

<u>Interrogatory 5:</u>
State all activities which the Defendant Driver engaged in during the 24 hours preceding the
Event, including any and all places where the Defendant Driver stopped; any intoxicating
substances (alcohol, medications or recreational drugs) or food consumed and the time and
amount of same; the times of any work or sleep; and IDENTIFY any persons who were with the
Defendant Driver during such time period.

ANSWER:


<u>Interrogatory 6:</u>
State all activities which the Defendant Driver was engaged in during the 60 (sixty) minutes
leading up to and including the Event, including any activities the Defendant Driver was engaged
in while driving. This will include using any cellular telephone, smart phone, texting, computer,
or any other device capable or sending or receiving transmissions of any kind. For each such
device, provide the make, model number, serial number, provider (Verizon, AT&T, etc.),
contract number, account number, phone number and any other identifying number for obtaining
information for the use and activity of such device.

ANSWER:


<u>Interrogatory 7:</u>
List all devices on the Defendant Vehicle which were capable of recording and/or transmitting
data regarding the movement, speed, or other characteristics of the Defendant Vehicle, or by
which the Defendant Driver could send or receive communications. For such device,
provide the make, model number, serial number, provider (Verizon, AT&T, etc.), contract
number, account number, phone number and any other identifying number for obtaining
information for the use and activity of such device.

ANSWER:

Certified Document Number: 67090525 - Page 29 of 39

## VERIFICATION

I hereby state that the foregoing answers are true and correct, and unless otherwise indicated are within my personal knowledge. I further acknowledge my obligation to amend these responses when further information becomes available.

_____

Signature of Defendant

STATE OF TEXAS

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____

_____, who upon his/her oath, deposed and stated that he/she is competent to make an Affidavit, and that the foregoing answers are true and correct to the best of his/her personal knowledge, and that upon learning that any of the foregoing answers are incorrect, he or she will update such answers to make them correct, in accordance with the Texas Rules of Civil Procedure.

SWORN TO AND SUBSCRIBED before me, the undersigned authority, this date: _____

_____

_____

Notary Public in and for the State of Texas
My commission expires:_____

Certified Document Number: 67090525 - Page 30 of 39

**Interrogatories to Defendant Quality Carriers, Inc. - PAGE 7**

8/12/2015 5:11:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6469775
By: FRANKLIN, KRYSTAL G
Filed: 8/12/2015 5:11:16 PM

# 2015-47169 / Court: 055

## CAUSE NO. _____

| | | |
|---|---|---|
| AMADO GUTIERREZ-MATA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUALITY CARRIERS, INC; | § | |
| AND DAVID A. GOMM | § | _____ JUDICIAL DISTRICT |

## INTERROGATORIES TO DEFENDANT
## DAVID A. GOMM

TO:   DEFENDANT DAVID A. GOMM, to be served with Plaintiff's Original Petition and Request for Disclosures:

COMES NOW the Plaintiff in the above styled and numbered cause and propounds these Interrogatories to Defendant, and requires that, within fifty (50) days from service hereof (with the Original Petition), said Interrogatories be answered under oath, as set out in Rule 197, Texas Rules of Civil Procedure.

Respectfully submitted,

SANDOVAL & WALDMAN, LLP

**Steve Waldman**
SBT No. 20679550
swaldman@sandovalwaldman.com
**Hector Sandoval**
SBT No. 24043904
hsandoval@sandovalwaldman.com
2190 N. Loop West, Suite 410
Houston, Texas 77018
(713) 688-4878
(713) 465-3658 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 67090525 - Page 31 of 39

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served with the Original Petition in this cause.

_____
HECTOR L. SANDOVAL

**Interrogatories to Defendant David A. Gomm - PAGE 2**

## INTERROGATORIES TO DEFENDANT GOMM

## DEFINITIONS

For the purpose of responding to this discovery, the following definitions shall apply:

| | | |
|---|---|---|
| A. | Date in Question: | June 6, 2015 |
| B. | Location: | 270 block of SH 146, La Porte, Harris County, Texas |
| C. | Plaintiff Vehicle: | 2004 Mercury Mountaineer |
| D. | Defendant Vehicle: | 2016 Peterbilt Tractor and 2016 Trailer |
| E. | Event or Incident: | Motor vehicle collision between Plaintiff's Vehicle and Defendant's Vehicle at Location on Date in Question. |
| F. | Plaintiff: | Amado Gutierrez-Mata |
| G. | Defendant Owner: | Quality Carriers, Inc. |
| H. | Defendant Driver: | David A. Gomm |

I.    "IDENTIFY" means the following:

1.    When used regarding a person, provide that individual's full name, current or last known mail and email address, current or last known employer, current or last known home and cellular telephone number, current or last known work telephone number, employer and job title on the date in question, and whether your attorney is asserting the attorney-client privilege with regard to ex parte communications with such person.

2.    When used regarding a company, partnership, corporation, or other business entity, please state the full and correct legal name, correct address, telephone number, state of incorporation or registration, principal place of business, and the name and address of the registered agent or general partner.

3.    When used regarding a document, provide the correct name or title of the document, the name and address of the maker or makers of the document (including all persons who have made entries onto the document or who have provided information which has been entered by another person onto the document), the name and address of the custodian of the original document, the name and address of all persons to whom copies of the document have been sent, and if the document is not being provided, a summary of the contents of such document.  "Document" shall include photographs, videotapes, movies, computer records, microfilm, microfiche, data compilations of any type, logs, handwritten notes, typewritten notes or any other type of record.  All

**Interrogatories to Defendant David A. Gomm – PAGE 3**

Certified Document Number: 67090525 - Page 33 of 39

photographs are requested in JPG or other similar format. All electronically stored information is requested in its native format with "reading" software provided, or if only accessible through proprietary software, the opportunity to inspect such electronically stored information through a computer equipped with such software.

Certified Document Number: 67090525 - Page 34 of 39

**Interrogatories to Defendant David A. Gomm – PAGE 4**

## INTERROGATORIES TO DEFENDANT
## DAVID A. GOMM

Interrogatory 1:
IDENTIFY the owner of, driver of and all persons or entities responsible for the operation of the Defendant Vehicle at the time of the Event, including the facts relating to the authority, consent or reason for the operation of the Defendant Vehicle at the time of the Event. If the driver of the Defendant Vehicle was employed at the time of the Event, IDENTIFY the employer of said driver and state whether the driver was working or on the job at the time of the Event.

ANSWER:


Interrogatory 2:
State Defendant's version of how the Event occurred, including any factor (including but not limited to the negligence of any person, the condition of the roadway or surroundings or the condition of any vehicle) which caused or contributed to causing the Event, and IDENTIFY any eyewitnesses to the Event or the immediate aftermath of the Event and what information Defendant has regarding the knowledge of any such witness.

ANSWER:


Interrogatory 3:
Describe the journey of the Defendant Vehicle immediately prior to the Event, including the reason for the journey, the time and place of departure, the intended destination, the route taken, and the nature and length of time of any stops along the way.

ANSWER:


Interrogatory 4:
If any citations were issued to anyone as a result of the Event, IDENTIFY the charging officer and any court and cause number and state specifically how those citations were resolved. This will include the plea of any person cited (guilty, not guilty or no contest/*nolo contendere*). This will also include the resulting finding by the court or jury (guilty, not guilty, deferred adjudication or dismissed). This will also include how the case was resolved (fine paid, jury trial, bench trial, or dismissed because witnesses, including but not limited to the charging officer, did not appear).

ANSWER:

Certified Document Number: 67090525 - Page 35 of 39

Interrogatory 5:
State all activities which the Defendant Driver engaged in during the 24 hours preceding the Event, including any and all places where the Defendant Driver stopped; any intoxicating substances (alcohol, medications or recreational drugs) or food consumed and the time and amount of same; the times of any work or sleep; and IDENTIFY any persons who were with the Defendant Driver during such time period.

ANSWER:


Interrogatory 6:
State all activities which the Defendant Driver was engaged in during the 60 (sixty) minutes leading up to and including the Event, including any activities the Defendant Driver was engaged in while driving. This will include using any cellular telephone, smart phone, texting, computer, or any other device capable or sending or receiving transmissions of any kind. For each such device, provide the make, model number, serial number, provider (Verizon, AT&T, etc.), contract number, account number, phone number and any other identifying number for obtaining information for the use and activity of such device.

ANSWER:


Interrogatory 7:
List all devices on the Defendant Vehicle which were capable of recording and/or transmitting data regarding the movement, speed, or other characteristics of the Defendant Vehicle, or by which the Defendant Driver could send or receive communications. For each such device, provide the make, model number, serial number, provider (Verizon, AT&T, etc.), contract number, account number, phone number and any other identifying number for obtaining information for the use and activity of such device.

ANSWER:

**Interrogatories to Defendant David A. Gomm - PAGE 6**

## VERIFICATION

I hereby state that the foregoing answers are true and correct, and unless otherwise indicated are within my personal knowledge. I further acknowledge my obligation to amend these responses when further information becomes available.


_____

Signature of Defendant

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, on this day personally appeared _____

_____, who upon his/her oath, deposed and stated that he/she is competent to make an Affidavit, and that the foregoing answers are true and correct to the best of his/her personal knowledge, and that upon learning that any of the foregoing answers are incorrect, he or she will update such answers to make them correct, in accordance with the Texas Rules of Civil Procedure.

SWORN TO AND SUBSCRIBED before me, the undersigned authority, this date: _____

_____.


_____

Notary Public in and for the State of _____

My commission expires:_____

**Interrogatories to Defendant David A. Gomm – PAGE 7**

Certified Document Number: 6709525 - Page 37 of 39

COUNTY OF HARRIS
STATE OF TEXAS

**CHRIS DANIEL**

HARRIS COUNTY DISTRICT CLERK

P.O. Box 4651

HOUSTON, TEXAS 77210-4651

RECEIVED
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2015 SEP 17 AM 7:45

BY
MAIL PROCESSING ADMIN

5547

DAVID ANDREW GOMM
323 SOUTH 1ST WEST
TOOELE, UTAH 84074

Ln . 8.27.15
945 am
9.5
9.05
9.15

CERTIFIED

047JB200478
$08.550
08/24/2015
Mailed From  7700
US POSTAGE

neopost

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X           ☐ Agent
              ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
    If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Certified Mail®     ☐ Priority Mail Express™
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

DAVID ANDREW GOMM
323 SOUTH 1370 EAST
TOOELE, UTAH 84074

2015 47/009 55+

2.   7014 3490 0001 9502 3879

PS Form 3811, July 2013      Domestic Return Receipt



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 24, 2015

Certified Document Number:      67090525 Total Pages:  39

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**